# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CRAIG COURTOIS,<br><br>          Petitioner,<br><br>     v.<br><br>C.D.C., et al.,<br><br>          Respondents._____/ | CV F   05-1152 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 12, 2005. Petitioner is currently incarcerated at Corcoran State Prison following a conviction of attempted voluntary manslaughter in Humboldt County.  In the petition, Petitioner contends that (1) he was unlawfully arrested without a warrant or probable cause; (2) unlawful arrest and detainer in his home; (3) Double Jeopardy violation; (4) Illegal search and seizure; and (5) failure to hold a parole hearing.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th

1

1 Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless
2 it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v.
3 Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

4 The federal venue statute requires that a civil action, other than one based on diversity
5 jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
6 defendants reside in the same state, (2) a judicial district in which a substantial part of the events
7 or omissions giving rise to the claim occurred, or a substantial part of the property that is the
8 subject of the action is situated, or (3) a judicial district in which any defendant may be found, if
9 there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

10 In this case, Petitioner challenges both the validity of his sentence and the execution of
11 his sentence. The proper venue for challenging the validity of his sentence is the district court
12 containing the sentencing court, while the proper venue to challenge the execution of his
13 sentence is the district court containing the prison in which Petitioner is incarcerated.

14 Although Petitioner has filed in the proper district court to challenge the execution of his
15 sentence, this petition should be heard by the district court containing the sentencing court.
16 Under 28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the
17 sentencing court where Petitioner was not sentenced in this district. See 28 U.S.C. § 2241(d);
18 Local Rule 81-191(g). Additionally, the resolution of Petitioner's claims involving the
19 sentencing court may render his remaining claims moot.

20 Petitioner is challenging a conviction from Humboldt County, which is in the Northern
21 District of California. Therefore, the portion of the petition challenging the validity of his
22 conviction should have been filed in the United States District Court for the Northern District of
23 California. If Petitioner wishes to raise these claims further, he must do so in the United States
24 District Court for the Northern District of California.

25 The remaining portion challenging the denial of a parole hearing, although it is properly
26 raised in this forum, it fails to allege sufficient factual allegations for the Court to determine the
27 nature of his claim(s). Petitioner claim is too vague and conclusory for the Court to determine
28 the exact nature of the claim. Petitioner must state his claim with sufficient specificity. See

Hendricks v. Vasquez 908 F.2d 490, 491-92 (1990); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970); Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Following the Court's resolution of this recommendation, the Court will grant Petitioner the opportunity to amend the petition to clarify his claim for relief based on his parole hearing.

Within the form petition, Petitioner requests the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See, Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, petitioner's request for appointment of counsel is DENIED.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Petitioner's claim challenging his conviction arising from Humboldt County be DISMISSED from the action for lack of jurisdiction;
2. Petitioner's request for the appointment of counsel be DENIED; and
3. Within thirty (30) days following the order resolving the instant recommendation, Petitioner be granted leave to amend the petition regarding his parole hearing claim.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 16, 2006**           /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE