# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CRAIG COURTOIS,<br><br>        Petitioner,<br><br>    v.<br><br>C.D.C., et al.,<br><br>        Respondents.<br>_____/ | CV F   05-1152 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 20] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on September 12, 2005. On February 17, 2006, the undersigned issued Findings and Recommendations recommending that Petitioner's claim challenging his conviction arising from Humboldt County Superior Court be dismissed for lack of jurisdiction and it was recommended that Petitioner be granted leave to amend the petition to provide sufficient factual allegations regarding the challenge to the denial of a parole hearing. (Court Doc. 12.) The Findings and Recommendations were adopted in full on April 7, 2006, and Petitioner was directed to file an amended petition within thirty days from the date of service of that order. (Court Doc. 16.) Petitioner failed to file an amended petition; therefore, on June 5, 2006, Findings and Recommendations to dismiss the action were issued. (Court Doc. 17.) Petitioner filed objections on June 12, 2006. (Court Doc. 18.) On July 26, 2006, the Court vacated the Findings and Recommendations issued June 5, 2006, and directed

1   Petitioner to file an amended petition within thirty days from the date of service.  (Court Doc.
2   19.)  Petitioner filed an amended petition on August 10, 2006.  (Court Doc. 20.)
3          In his amended petition, Petitioner claims that he has been denied use of the D-yard, law
4   library, and the prison staff are corrupt.  Petitioner further claims that he has been denied
5   incoming and outgoing mail.  (Amd. Pet. at 4-6.)   Petitioner seeks relief in the form of "transfer
6   to San Quentin state prison reception. . . ."  (Amd. Pet. at 7.)
7          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
8   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
9   plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
10  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
11  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
12  petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §
13  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
14  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
15  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
16  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §
17  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
18  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
19  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
20         Petitioner is challenging the conditions of his confinement, which as stated above is not
21  cognizable via § 2254.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition
22  must be dismissed.
23         Based on the foregoing, the Court RECOMMENDS that the petition for writ of habeas
24  corpus be DISMISSED because it does not allege grounds that would entitle Petitioner to habeas
25  corpus relief.
26         This Findings and Recommendation is submitted to the assigned United States District
27  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
28  the Local Rules of Practice for the United States District Court, Eastern District of California.

1 Within thirty (30) days after being served with a copy, any party may file written objections with
2 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
4 and filed within ten (10) court days (plus three days if served by mail) after service of the
5 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
6 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
7 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
8 Cir. 1991).

IT IS SO ORDERED.

Dated:     August 22, 2006                           /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE